(Name) SHAWN ALBIN

(Address) 1173 FRONT ST

(City, State, Zip) SAN DIEGO, CA 92101

(CDC Inmate No.) COUNTY deTENtion booKing # 13768702

FILED

DEC 08 2014

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

2254    1983

FILING FEE PAID
Yes _____ No _____
IFP MOTION FILED
Yes _____ No _____
COPIES SENT TO
Court _____ Probate _____

## United States District Court
### Southern District of California

SHAWN M. Albin ,

(Enter full name of plaintiff in this action.)

Plaintiff,

v.

SAN DIEGO COUNTY
SHERIFF MEDICAL DIRECTOR ET AL,

(Enter full name of each defendant in this action.)

Defendant(s).

14cv2901 AJB MDD

Civil Case No. _____
(To be supplied by Court Clerk)

Complaint Under the
Civil Rights Act
42 U.S.C. § 1983

### A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

### B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, SHAWN ALBIN
, who presently resides at 1173 FRONT ST, SAN
(print Plaintiff's name)
(mailing address or place of confinement)
DIEGO, CA 92101
, were violated by the actions

of the below named individuals. The actions were directed against Plaintiff at SDCJ 1173
FRONT St SAN DIEGO, CA 92101 on (dates) 11·01·13    , and CON-tinuing
(institution/place where violation occurred)    (Count 1)    (Count 2)    (Count 3)

2. Defendants: (Attach same information on additional pages if you are naming more than 4 defendants.)

§ 1983 SD Form
(Rev. 5/98)

1 of 6

::ODMA\PCDOCS\WORDPERFECT\22834\1

1, Defendant SAN DIEGO COUNTY SHERIFF MEDICAL DIRECTOR resides in SAN DIEGO,
(name)                                                                              (County of residence)
and is employed as a MEDICAL DIRECTOR . This defendant is sued in
(defendant's position/title (if any))
his/her ☑individual ☑official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: THIS defendant WAS Acting UNDER color OF STATE LAW WHEN HE/SHE KNEW plaintiff's injury is SERIOUS yet intentionally disregarded THE SERIOUSNESS OF THE injury THUS denying Adequate MEDICAL CARE.

2, Defendant S-D CJ CLINIC MEDICAL DIRECTOR resides in SAN DIEGO,
(name)                                                                  (County of residence)
and is employed as a CLINIC MEDICAL DIrector . This defendant is sued in
(defendant's position/title (if any))
his/her ☑individual ☑official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: THIS defendant WAS Acting UNDER color OF STATE LAW WHEN HE KNEW plaintiff's injury is SERIOUS yet intentionally disregarded THE SERIOUSNESS OF SAID injury THUS denying Adequate MEDICAL CARE.

3, Defendant SDCJ MD OF 6.23.14 resides in SAN DIEGO,
(name)                                                         (County of residence)
and is employed as a MEDICAL doctoR . This defendant is sued in
(defendant's position/title (if any))
his/her ☑individual ☑official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: THIS defendant, A contract physician FOR SDCJ WAS Acting UNDER color OF LAW WHEN HE KNEW plaintiff's injury is SERIOUS yet intentionally disregarded THE SERIOUSNESS OF SAID injury THUS denying Adequate MEDICAL CARE.

4, Defendant LIZA MACATULA resides in SAN DIEGO,
(name) MEDICAL DIRECTOR DESIGNEE                    (County of residence)
and is employed as a . This defendant is sued in
(defendant's position/title (if any))
his/her ☑ individual ☑official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: THIS defendant WAS Acting UNDER color OF LAW WHEN SHE Knows plaintiff's injury is SERIOUS yet intentionally disregarded THE SERIOUSNESS OF SAID injury THUS denying Adequate MEDICAL CARE.

5, DEFENDANT UCSD MD OF 7.15.14 A contract physician FOR SDCJ, WAS Acting UNDER color OF LAW WHEN SHE bASED HER MEDICAL CARE ON unsubstantiated claims TOLD TO HER RATHER THAN EXAMINING patient (PLAINTIFF), totally denying any AND ALL MEDICAL CARE. THIS DEFENDANT IS SUED IN HER individual AND official CAPACITY,

DEFENDANTS:

6. DEFENDANT RN ARJIS 3575 RESIDES IN SAN DIEGO EMPLOYED AS AN RN FOR SDCJ. THIS DEFENDANT WAS Acting UNDER color OF LAW WHEN HE/SHE INTENTIONALLY DELAYED AND DIVERTED grievances resulting IN A DENIAL OF Adequate MEDICAL CARE. THIS DEFENDANT IS SUED IN HIS/HER INDIVIDUAL AND OFFICIAL CAPACITY.

7. DEFENDANT SDCJ MD OF 7.22.14 RESIDES IN SAN DIEGO EMPLOYED AS A CONTRACT PHYSICIAN FOR SDCJ. THIS DEFENDANT WAS Acting UNDER color OF LAW WHEN HE/SHE KNEW PLAINTIFF'S injury is SERIOUS yet intentionally disregarded THE SERIOUSNESS OF SAID injury THUS denying Adequate MEDICAL CARE. THIS defendant is SUED IN HIS/HER individual AND OFFICIAL capacity.

8. DEFENDANT SGT D, PATTERSON RESIDES IN SAN DIEGO EMPLOYED AS A SDCJ SGT. THIS defendant WAS Acting UNDER color OF LAW WHEN HE HAD EVIDENCE OF PLAINTIFF'S TRUE NAME yet FORCED PLAINTIFF TO USE AN illegal NAME. THIS defendant is SUED IN HIS individual AND OFFICIAL capacity.

9. DEFENDANT C. WILSON RESIDES IN SAN DIEGO EMPLOYED AS A SDCJ SGT. THIS DEFENDANT WAS Acting UNDER color OF LAW WHEN SHE HAD EVIDENCE OF PLAINTIFFS TRUE NAME yet FORCED PLAINTIFF TO USE AN illegal NAME. THIS defendant IS SUED IN HER individual AND OFFICIAL capacity.

10. DEFENDANT SDCJ MD OF 2.26.14 RESIDES IN SAN DIEGO EMPLOYED AS A CONTRACT PHYSICIAN FOR SDCJ. THIS defendant WAS Acting UNDER color OF LAW WHEN HE/SHE KNEW PLAINTIFF'S

2.2 OF 7

DEFENDANTS:

injury is Serious yet intentionally disregarded the seriousness of said injury thus denying Adequate Medical Care. This defendant is sued in his/her individual and official capacity.

11. Defendant SDCJ MD of 5.12.14 resides in San Diego employed as a contract physician for SDCJ. This defendant was Acting under color of law when he knows plaintiff's injury is Serious yet intentionally disregarded the seriousness of said injury thus denying Adequate Medical Care. This defendant is sued in his individual and official capacity.

12. Defendant SDCJ resides in San Diego and is employed as a county detention Facility. This defendant was Acting under color of law when grievances were not responded to and for having an inadequate grievance system. This defendant is sued in its official capacity.

13. Defendant SDCJ RN of 9-28-13 - 9-29-14 resides in San Diego and is employed as an RN for SDCJ. This defendant was Acting under color of law when he knew plaintiff's Arm was dislocated yet intentionally disregarded said injury thus denying Adequate Medical Care. This defendant is sued in his individual and official capacity.

P. 2.3 of 7

14. DEFENDANT SDCJ MD OF 10.05.13 resides in San Diego employed as a Contract physician for SDCJ. This defendant was acting under color of law when he/she knew plaintiff's conditions were serious yet intentionally disregarded the seriousness of said injuries, denying adequate medical care. This defendant is sued in his/her individual and official capacity.

15. DEFENDANT SDCJ MD OF 10.08.13 resides in San Diego employed as a Contract physician for SDCJ. This defendant was acting under color of law when he/she knew plaintiffs conditions were serious yet intentionally disregarded the seriousness of said injuries denying adequate medical care. This defendant is sued in his/her individual and official capacity.

16. DEFENDANT SDCJ ORTHOPEDIC CLINIC MD OF 11.30.13 resides in San Diego employed as a contract orthopedic physician for SDCJ. This defendant was acting under color of law when he knew plaintiffs injuries were/are serious yet minimized the seriousness due to cost to repair only denying adequate medical care. This defendant is sued in his individual and official capacity.

17. DEFENDANT UCSD DR. JEFFEREY GERTSCH resides in San Diego and is employed as a physician at UCSD who contracts with SDCJ. This defendant was acting

P. 2. 4 OF 7

UNDER COLOR OF LAW WHEN HE BASED HIS DENIAL OF MEDICAL CARE UPON A LIE MADE BY A SHERIFF DEPUTY. THIS DEFENDANT IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

18. DEFENDANT KAMA Z, GULUMA MD RESIDES IN SAN DIEGO AND IS EMPLOYED AS A PHYSICIAN AT UCSD WHO CONTRACTS WITH SDCJ. THIS DEFENDANT WAS ACTING UNDER COLOR OF LAW WHEN HE/SHE BASED A DENIAL OF MEDICAL CARE AND A MISDIAGNOSES ON A LIE MADE BY A SHERIFF DEPUTY. THIS DEFENDANT IS SUED IN HIS/HER INDIVIDUAL AND OFFICIAL CAPACITY.

19. DEFENDANT MICHELLE UBELS VAN NOORD MD RESIDES IN SAN DIEGO AND IS EMPLOYED AS A PHYSICIAN AT UCSD WHO CONTRACTS WITH SDCJ. THIS DEFENDANT WAS ACTING UNDER COLOR OF LAW WHEN SHE KNOWINGLY DISCHARGED AN UNCONSCIENCE PATIENT FROM THE HOSPITAL AND BASED HER DECISION TO DO SO UPON A LIE TOLD TO HER BY A SHERIFF DEPUTY. THIS DEFENDANT IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY.

20. DEFENDANT DR. ELLIS RESIDES IN SAN DIEGO, EMPLOYED AS A PHYSICIAN AT UCSD WHO CONTRACTS WITH SDCJ. THIS DEFENDANT WAS ACTING UNDER COLOR OF LAW WHEN HE/SHE KNOWING DISCHARGED AN UNCONSCIENCE

P, 2.5 OF 7

patient from the hospital and based his/her decision to do so upon a lie to told by a sheriff deputy. This defendant is sued in his/her individual and official capacity.

21. Defendant Sheriff deputy of 10·01·13 resides in San Diego and is employed as a sheriff deputy at SDCJ. This defendant was acting under color of law when he knowingly and intentionally lied to an MD in order to prevent medical care to plaintiff. This defendant is sued in his individual and official capacity.

22. Defendant deputy of 12·01·13 resides in San Diego employed as a sheriff deputy at SDCJ. This defendant was acting under color of law when he knowingly and intentionally lied to an MD in order to prevent medical care to plaintiff. This defendant is sued in his individual and official capacity.

23. Defendant Neel Dixit MD resides in San Diego employed as a physician at UCSD who contracts with SDCJ. This defendant was acting under color of law when he knowingly and intentionally based his treatment of his patient on a lie told to him by a sheriff deputy. This defendant is sued in his individual/official capacity.

P. 2.6 of 7

24. Defendant Dr. Bergheim resides in San Diego and employed as a Medical Dr. at UCSD who contracts with SDCJ. This defendant was acting under color of law when He/she wrote a false medical report against plaintiff. This defendant is sued in His/Her individual and official capacity.

25. Defendant deputy of 10.10.12 resides in San Diego and is employed as a Sheriff deputy at SDCJ. This defendant was acting under color of law when He knowingly and intentionally gave false information to a Medical doctor. This defendant is sued in His individual and official capacity.

26. Defendant Dr. Kreshnak resides in San Diego and is employed as a physician at UCSD who contracts with SDCJ. This defendant was acting under color of law when He/She based His/Her diagnoses on a Lie by a Sheriff deputy. This defendant is sued in His/Her individual and official capacity.

27. Defendant Dr. Evans resides in San Diego and is employed as a physician at UCSD who contracts with SDCJ. This defendant was acting under color of law when He/She denied Medical Care. This defendant is sued in His/Her individual Individual capacity.

P. 8. 7 of 7

28. DEFENDANT DR. NIZAMANI RESIDES IN SAN DIEGO AND EMPLOYED AS A PHYSICIAN AT UCSD WHO CONTRACTS WITH SDCJ. THIS DEFENDANT WAS ACTING UNDER COLOR OF LAW WHEN HE MISDIAGNOSED PLAINTIFF. THIS DEFENDANT IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

29. DEFENDANT DR. NEGUS RESIDES IN SAN DIEGO EMPLOYED AS A PHYSICIAN AT UCSD WHO CONTRACTS WITH SDCJ. THIS DEFENDANT WAS ACTING UNDER COLOR OF LAW WHEN HE/SHE BASED A DIAGNOSES ON A LIE TOLD BY A SHERIFF DEPUTY. THIS DEFENDANT IS SUED IN HIS/HER INDIVIDUAL AND OFFICIAL CAPACITY.

30. DEFENDANT DESIREE DAVIS RESIDES IN SAN DIEGO EMPLOYED AS OWNER OF NEW BEGINNINGS WHO CONTRACTS WITH TELECARE AND COUNTY PROBATION. THIS DEFENDANT WAS ACTING UNDER COLOR OF LAW WHEN SHE WAS PUT ON NOTICE REGARDING PLAINTIFFS PROPERTY YET DESTROYED SAID PROPERTY. THIS DEFENDANT IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY.

31. DEFENDANTS DR. ISHIMINE, BUI, RAFINAS, AND KAHN RESIDE IN SAN DIEGO EMPLOYED AS PHYSICIANS AT UCSD WHO CONTRACT WITH SDCJ. THESE DEFENDANTS WERE ACTING UNDER COLOR OF LAW WHEN THEY KNOWINGLY DISCHARGED AN UNCONSCIENCE PATIENT FROM THEIR HOSPITAL. THE DEFENDANTS ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY

P. 2.8 OF 7

[illegible handwritten text]

32. DEFENDANT DEPUTY OF 6.19.14 RESIDES IN SAN DIEGO EMPLOYED AS A SHERIFF DEPUTY AT SDCJ. THIS DEFENDANT WAS ACTING UNDER COLOR OF LAW WHEN HE KNOWINGLY AND INTENTIONALLY WITHELD U.S. MAIL FROM BEING MAILED. THIS DEFENDANT IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

33. DEFENDANT ALMA POIRIER SGT RESIDES IN SAN DIEGO EMPLOYED AS A SHERIFF SGT AT SDCJ. THIS DEFENDANT WAS ACTING UNDER COLOR OF LAW WHEN SHE KNOWINGLY AND INTENTIONALLY DISREGARDED EVIDENCE PLAINTIFFS MAIL WAS BEING TAMPERED WITH. THIS DEFENDANT IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY.

34. DEFENDANT CHRISTA VICKERY RESIDES IN SAN DIEGO EMPLOYED AS A COUNSELOR. SUPERVISOR AT SDCJ. THIS DEFENDANT WAS ACTING UNDER COLOR OF LAW WHEN SHE DISALLOWED LEGAL COPIES RESULTING IN A DENIAL OF ACCESS TO THE COURTS. THIS DEFENDANT IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY.

P. 2.9 OF 7

35. DEFENDANT, Dr Adock resides in SAN DIEGO employed As a PHYSICIAN AT UCSD WHO CONTRACTS With SDCJ. THIS DEFENDANT WAS Acting under color oF LAW WHEN HE/SHE BASED HIS/HET MEDICAL CARE towards A patient upon unsubstantiated CLAIMS. THIS DEFENDANT IS SUED in HIS/HET individuAL AND OFFICIAL CAPACITY.

36. DEFENDANTS, JENNIFER HALL, ALLISON HADLEY AND Dr COIMBrA reside IN SAN DIEGO EMPLOYED AS PHYSICIANS At UCSD WHO Contracts with SDCJ. THESE defENdANTS Were Acting under Color oF LAW WHEN THEY discriminATED against plaintiff. THESE defENdANTS Are SUED IN THEIr individuAL And OFFICIAL CAPACITY.

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

<u>Count 1</u>: The following civil right has been violated: DENIAL OF MEDICAL CARE, DENIAL OF ACCESS TO THE COURTS, Freedom (E.g., right to medical care, access to courts, From CruEL AND UNUSUAL PUNISHMENT, DENIAL OF DUE Process AND Freedom due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.) OF SPEECH, DENIAL OF MAIL, FALSIFYING records.

<u>Supporting Facts</u>: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

PLAINTIFF HAS A Seriously injured right Shoulder. PLAINTIFF SUFFERS FROM AN A/C joint dislocation with reports (x-rays) OF Anterior Shoulder dislocations. PLAINtiff HAs expressED TO THE defendants THAT his SHOulder CAUSES SERIoUS PAIN. TWO orTopedic Surgeons iN THE Community HAVE both STATED SHoulder repAir is urgent. THE SHoulder is UNSTABLE, deformed, AND NOT iN THE correct position for stability. Surgery intervention to repair THE SHoulder is NEEDED

PLAINTiff expressED To defendANT 1, SAN DiEGio COUNTY detentions fAciLities MEDiCAL director, THAT His SHOULDER CAUSES A great deAL OF PAIN. DEFENDANT 1 refusED to acknowledge THE PAIN PLAINTiff WAS iN AND denied AdequATE PAiN MANAGEMENT. PLAINTiff expressED THAT IF AdequATE PAiN MANAGEMENT CANNot OR WiLL NOT be provided, Surgery To repair THE SHoulder is THEN NEEDED AND/OR required to ALLEViATE THE PAiN AND reoccurrENT Anterior dislocations; THiS

~~Count 2:~~ The following civil right has been violated: COUNT 1 Cont.

(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:   [Include all facts you consider important to Count 2.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

ISSUE WAS NOT ACKNOWLedged ALTHOUGH PLAINTIFF FILED A grievance AND FOLLOWED THROUGH WITH SAID grievance ALL THE WAY to THE MEDICAL director WHO HELD FIRM AGAINST ACKNOWLedging PLAINTIFF'S MEDICAL CONCERNS AND/OR NEEDS. In FACT, PLAINTIFF WROTE LeTTers AND SubMiTTed grievances directly to the SHERIFF MEDICAL director WHO NEVER responded. PAIN IS A VITAL SigN IN MEDICINE, EXCESSIVE PAIN raises blood pressure, EVIDENCE IS SHOWN THAT PLAINTIFFS SHoulder IS Seriously iNjured, ALL OF THIS IS KNOWN TO deFENdANT #1 WHO KNOWINGLY AND iNTENTIONALLY disregarded THE Needed MEDICAL CARE for PLAINTIFFS SHoulder. DEFENdANT IS deliberately iNdiFFERENT to PLAINTIFFS MEDICAL NEEDS, ANd iN FACT deNies MEDICAL AttenTion to PLAINTIFF - A VIOLATION OF A CIVIL right.

PLAINTIFF EXPRESSED TO deFENdANt #2, CENTRAL

~~Count 3:~~ The following civil right has been violated:

(E.g., right to medical care, access to courts,

COUNT 1 CONT,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:   [Include all facts you consider important to Count 3.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

dETENTION CLiNiC diRECTOR THE SAME AS EXPRESSED TO dEFENDANT 1. DEFENDANT 2 iS deLiberAtely iNdiffERENT TO PLAINTIFFS MEDICAL NEEDS, AND iN FACT dENiES MEDICAL AttENtion to PLAINtiFF - A VioLATTON OF A CiViL RiGHT.

PLAiNTiFF EXPRESSED to dEFENdANT #3, CENTRAL dETENTTON MD OF 6·23·14 THE SAME AS EXPRESSED TO dEFENdANT 1. DEFENdANT 3 iS deLiberAtely iNdifferENT TO PLAINTiFFS MEDICAL NEEDS, AND iN FACT dENiES MEDICAL AttENtion to PLAINTiFF - A VioLATTON oF A CiViL RiGHT.

PLAINTiFF FiLEd A griEVANCE AT CENTRAL dETENtion regardiNg his RiGHT SHOuLdER. THE griEVANCE WAS EXHAUSTEd to the HiGHEST LEVEL. LiZA MACAtuLA reVIEWEd AND responded to the griEVANCE AT THE HiGHEST LEVEL. LiZA MACAtuLA KNOWS PLAINTiFF's RiGHT SHOuLdER iS SerioUSLy iNjurEd And thAt hE iS iN NEEd

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☒ No.

§ 1983 SD Form
(Rev. 5/98)

5 of 7

::ODMA\PCDOCS\WORDPERFECT\22834\1



## San Diego County
# SHERIFF'S DEPARTMENT
## INMATE STATIONERY

IT IS IMPORTANT for the person receiving this letter to read the opposite side.

*ES IMPORTANTE que al recibir esta carta lea el reverso de esta página.*

| Inmate's Name:<br>*Nombre del Recluso:* | Booking No.:<br>*Número:* | Facility:<br>*Cárcel:* | Housing Unit:<br>*Unidad:* |
|---|---|---|---|
| | | | |

OF MEDICAL CARE AND ALTHOUGH LIZA MACATULA KNOWS THIS HE/SHE KNOWINGLY AND INTENTIONALLY DENIES NEEDED MEDICAL CARE by denying the GRIEVANCE.

ON 9.15.14 PLAINTIFF HAD PASSED OUT AND WAS UNCONSCIENCE. PLAINTIFF WAS TAKEN TO UCSD hospital in hillcrest within THE CITY OF SAN DIEGO, several tests were performed - PAINFULL STIMULI, SMELLING SALTS, AND OTHER MEDICAL PRACTICES IN ORDER TO REVIVE AN UNCONSCIENCE PERSON - PLAINTIFF WAS NON responsive. 911 MEDICAL response TEAM ARRIVED TO TRANSPORT PLAINTIFF TO the hospital. Prior to PLAINTIFF leaving CENTRAL DETENTION to go to THE HOSPITAL CENTRAL DETENTION MEDICAL STAFF TOLD THE PARAMEDICS THAT PLAINTIFF HAS A trick WHERE HE IS Able to pop his SHOULDER OUT OF SOCKET AND INTENTIONALLY MAKES himself to be UNCONSCIENCE. THIS OF COURSE IS NOT TRUE AND THERE IS NO WAY FOR THESE MEDICAL STAFF members to KNOW THIS SINCE THEY HAVE NEVER ACTUALLY WITNESSED IT NOR CAN THEY LOOK into PLAINTIFF'S MIND to see if HE CAN MAKE HIMSELF TO BECOME UNCONSCIENCE. THESE UNTRUTHS WERE TOLD TO THE ER DOCTOR AT UCSD IN HILLCREST WHO BASED UPON THE UNTRUE STATEMENTS, REFUSED TO CARE FOR THE PATIENT (PLAINTIFF).

J-56 (Rev. 5/13)

5. 1 OF 7

refused any and all medical care and sent plaintiff back to the detention facility. It was later discovered that one of the firemen who initially responded to the 911 call indicated to the ambulance paramedic that plaintiff was not faking it and demonstrated why. This fireman evidently opened one of the plaintiffs eyes and tapped his finger directly onto the eyeball two to three times and plaintiff never blinked nor responded to this which the fireman indicates cannot be faked. The UCSD Dr. under color of law, because UCSD contracts with SDCJ ignored her protocols for an unconscience person, based her decision not to treat the patient (plaintiff) on lies told to her without physically examining the patient. This defendant, defendant #5, had evidence plaintiff was truly unconscience and was deliberately indifferent to plaintiffs medical care or needs and in fact totally denied any and all medical care, a denial of a civil right afforded to plaintiff.

Defendant #6, central detention RN Arjis 3575, was in charge of processing grievances. A grievance filed by plaintiff in fact. This defendant intentionally delayed and diverted these grievances in order to delay the needed medical care plaintiff was pursuing. This delay and diversion of grievances only prolonged plaintiffs pain issue regarding his shoulder. This defendant was deliberantly indifferent to plaintiffs medical care and needs,

5.2 #7

A denial of a civil right afforded to plaintiff.

Plaintiff expressed to defendant 7 central detention MD of 7.22.14 the same as expressed to defendant 1. Defendant 7 is deliberately indifferent to plaintiffs medical needs denying medical care, a violation of a civil right.

Plaintiff expressed to defendant 10, central detention MD of 2-26-14, the same as expressed to defendant 1. Defendant 10 is deliberately indifferent to plaintiffs medical needs denying medical care, a violation of a civil right.

Plaintiff expressed to defendant 11 central detention MD of 5.12.14 the same as expressed to defendant 1. Defendant 11 is deliberately indifferent to plaintiffs medical needs denying medical care, a violation of a civil right.

Plaintiff had submitted grievances regarding denial of medical care and access to the courts as well as mail issues. Plaintiff waited the appropriate amount of time in which to receive a response, then wrote a follow up request regarding those grievances. Plaintiff did not receive any responses concerning said grievances. The grievance system at central detention is inadequate

5.3 #17

in that there are no checks and balances to reassure a grievance is going to be logged correctly and addressed. Several grievances are rejected with a response that it is not a grievance but an inmate request when plainly a denial of a right had occurred constituting standards to file a grievance, San Diego Sheriff advertises there is to be some kind of grievance coordinator; however, there is no such assigned person. A grievance can go missing without it ever being recognized as being submitted. There is no particular person that can be named as a defendant regarding this issue in that no reply's were given in order to determine who can be named so defendant #12 is simply the San Diego County Sheriff Central Detention Facility. This defendant is deliberately indifferent to the rights and/or needs of plaintiff in that grievances are being intentionally discarded, not filed and/or not addressed. The grievance system at that facility, is inadequate in that legitimate grievance issues cannot be resolved if grievances are not allowed to be filed and there are no check and balances in place to reassure grievances are filed and logged denying plaintiff of his civil right to redress grievances.

Plaintiff fell causing his right arm/shoulder to become dislocated. This was on/about 9-28-13/9-29-13. Plaintiffs arm was purple, the

5.4 of 7

NURSE, DEFENDANT 13, ON WATCH ON THESE DATES PHYSICALLY SEEN THE ARM WAS PURPLE AND THE SHOULDER WAS OUT OF SOCKET. PLAINTIFF WAS IN THE CENTRAL DETENTION MEDICAL CLINIC AT THE TIME THE NURSE WITNESSED THIS INJURY. A DOCTOR WAS PRESENT IN THE CLINIC AT THE TIME. THIS NURSE REFUSED TO ALLOW PLAINTIFF TO SEE THE DOCTOR AND SENT PLAINTIFF BACK TO HIS HOUSING UNIT WITHOUT ANY MEDICAL CARE. PLAINTIFF WAS LEFT WITH A DISLOCATED SHOULDER FOR A DAY, WAS RE-EVALUATED THEN SENT TO THE HOSPITAL. AT THE HOSPITAL AN X-RAY SHOWED AN ANTERIOR DISLOCATION. THE SHOULDER WAS REDUCED. THIS RN OF 9.28-9.29-13 WAS DELIBERATELY INDIFFERENT TO PLAINTIFFS MEDICAL CARE/NEEDS AND IN FACT TOTALLY DENIED MEDICAL CARE ALTOGETHER VIOLATING PLAINTIFFS CIVIL RIGHTS

PLAINTIFF EXPLAINED TO DEFENDANTS 14 AND 15, CENTRAL DETENTION MD'S OF 10-5-13 AND 10-8-13, THE SAME AS EXPLAINED TO DEFENDANT 1. THESE DEFENDANTS WERE DELIBERATELY INDIFFERENT TO PLAINTIFFS MEDICAL NEEDS IN THAT THEY KNOWING AND INTENTIONALLY DENIED CARE TO PLAINTIFF.

PLAINTIFF SEEN AN ORTHOPEDIC SPECIALIST DEFENDANT #16, AT CENTRAL DETENTION ON 11-30-13 WHO WITNESSED HOW SERIOUS PLAINTIFFS RIGHT SHOULDER WAS DAMAGED. THIS DEFENDANT REFUSED TO TREAT THE SHOULDER INJURY AND THE ONLY BASIS FOR THIS DENIAL OF MEDICAL CARE

5.5 of 7

WAS COST- SOMETHING THE HIGH COURTS HAVE ALREADY determined NOT TO be A REASON TO USE IN ORDER TO deny MEDICAL CARE. THIS defendant is deliberately indifferent to plaintiffs MEDICAL CARE/NEEDS. THIS defendant minimized The Seriousness of plaintiffs injury due TO COST.

DEFENDANT 17, DR. JEFFEREY GERTSCH ON 10-1-13 listened to A Story Told TO HIM by THE SHERIFF deputy THAT day gaurding PLAINTIFF AT UCSD WHO CLAIMED PLAINTIFF WAS IN DETENTION currently FOR TRAFFICKETING METH into jail. THIS of COURSE is NOT TRUE. PLAINTIFF has never been CHARGED with OR convicted OF ANY SUCH Thing. The doctor ASKED The deputy WHAT PLAINTIFF WAS IN DETENTION FOR And The deputy provided This response ALTHOUGH THE deputy HAD IN HIS POSSESSION Plaintiffs FACE SHEET SHOWING EXACTLY WHY PLAINTIFF WAS IN DETENTION. This defendant Misdiagnosed PLAINTIFF denying MEDICAL CARE AND based his denial of MEDICAL CARE And MIS dIAGNOSES ON THE lie told TO him by The deputy THAT day. This defendant is deliberately indifferent to plaintiffs MEDICAL NEEDS/CARE And based his TREATMENT on WHAT A NON-MEDICAL PERSON TOLD him.

5.6 of 7

Defendant DR. KAMA Z. Guluma defendant 18, listened to a story told by a deputy gaurding plaintiff on 12-1-13 at UCSD who told DR. Guluma that plaintiff FAKES a siezure by getting down to his knees and popping his right shoulder out. There is no possible way this deputy could know this because, it was not at all witnessed to have occurred that way. In addition, there is no humanly possible way for plaintiff to "pop his own shoulder out of socket". DR. Guluma, after listening to a deputy and without any physical examination, just based a diagnosis of "Factitious seizure" only on what a sheriff deputy, non-medical personell, told DR. Guluma. This is a denial of medical care, this defendant is deliberately indifferent to plaintiffs medical needs/care.

Defendant 19, Michelle ubels Van Noord MD at UCSD who contracts with SDCJ had evidence that plaintiff was unconscience and non-responsive on 12-1-13. DR Van Noord discharged plaintiff, her patient, on this day from the hospital even though plaintiff was unconscience. DR. Van Noord decided to committ this malpractice based upon a lie told by a sheriff deputy on this day who stated plaintiff fakes a siezure by getting down to his

5.7 of 7

Knees And popping his right shoulder out on his own. As stated in #18 there is No possible way for plaintiff to pop his own shoulder out of socket or for this deputy to Know one way or the other, if that really was the case, this deputy could Not have Known on way or the other with regard to the seizure Not witnessed by him. Dr. VanNoord denied Needed Medical care And was deliberately indifferent to plaintiffs Medical Needs/care.

Defendant 20, Dr. Ellis of UCSD, who contracts with SDCJ committed the same medical malpractice, denial of Medical care And deliberate indifference As defendant 19 Had.

Defendant 21 Sheriff deputy of 10-1-13, Knowingly And intentionally lied to Medical doctors At UCSD IN ORDER to thwart AND/OR prevent Medical Care towards plaintiff As stated with regards to defendant 17, This defendant was deliberately indifferent to plaintiffs Medical care And intentionally tried to stop said care by painting A false picture of plaintiff in the Mind of the MD At that time, Dr. Gertsch.

Defendant 22, Sheriff deputy of 12-1-13, Knowingly And intentionally lied to A Medical doctor As stated Above with regard to 5, 8 M 7

defendant 18 and 19. This defendant did this in order to thwart needed medical care in order to get plaintiff discharged without care from UCSD in San Diego because he did not want to be posted at the hospital. This defendant was deliberately indifferent to plaintiffs medical care/needs.

Defendant 23, DR. Neel Dixit of UCSD, who contracts with SDCJ listened to defendant 21 and based his decisions and treatment of the plaintiff, his patient, upon the lies and untruths told by defendant 21. This defendant was deliberately indifferent to plaintiffs medical needs and care because he allowed his medical judgment to be impaired by an unsubstantiated lie told by a sheriff deputy.

Defendant 24, DR. Bergheim, DR. Saifullah, and DR. Nizamani, of UCSD who contracts with SDCJ spoke with plaintiff on 10.7.12. These defendants wrote in a medical report that plaintiff was malingering in order to avoid discharge from the hospital back to the jail. Plaintiff said nothing in this manner. Plaintiff told the doctors he is in jail only for 10 days then he goes home; therefore, its very safe to say plaintiff had no concerns about jail or going back to the

5.9.17

jail - He had been in detention at that time for a few days Already at that point And in a few days was going home so why would plaintiff be concerned About being discharged back to the jail?. Even if plaintiff was malingering, these MA's could not have Made A sound judgment of it And certainly could not have determined it was to avoid going back to the jail since nothing ever was stated in that regard. These defendants falsified Medical documents which denied plaintiff of Medical care And were deliberately indifferent towards plaintiffs Medical care/needs.

Defendant 25, deputy of 10·10·12, did knowingly And intentionally lie to A Medical doctor in order to thwart needed Medical care. This defendant told Dr. Kreshnak that plaintiff went to door for help And fell x2 attempting to have syncope episode, woke up And did the Same thing. Dr. Kreshnak, defendant 26, listened to this Story And based on that Story Alone determined plaintiff was just attention seeking And denied Medical care After hearing the Story. This deputy did not wittness the event And was perhaps trying to reiterate what A third party employee of SDCJ, who was not present, had previously said before plaintiff left SDCJ for UCSD, both defendants, 25, 26,

5.10 of 7

WERE deliberately indifferent towards plaintiffs Medical care/needs.

Defendant 27, Dr. Evans, of UCSD who contracts with SDCJ on 7.31.13 noted a confirmed diagnoses of anterior and inferiorly displacement of Right shoulder, plaintiff was in need of medical care for a dislocated shoulder as diagnosed, however, Dr. Sean Evans wrote a report of Malingering when he had no evidence of it and based his decision to write this false report upon plaintiffs psychiatric symptoms which should not have at all been relevant to whether or not to treat a dislocated shoulder. This defendant denied Medical Care and was deliberately indifferent to plaintiffs medical care/needs.

Defendant 28, Dr. Nizamani of UCSD (who is also mentioned in defendant 24, on 10-5-12 thru 10-7-12 knowingly and intentionally misdiagnosed and was prejudiced against plaintiff his patient. Nizamani asked plaintiff what kind of medication he was on, plaintiff said wellbutrin and did not say anything else. Dr. Nizamani writes in his Addendum plaintiff is abusing drug because he is on wellbutrin. Dr. Nizamani had no evidence at all with regard to drug use or abuse, only plaintiff was taking wellbutrin, therefore, for Nizamani to write and state

5.11 of 7

This without evidence of any kind, shows clearly he was prejudiced against plaintiff only because he was in custody at central detention. And this defendant was deliberately indifferent towards plaintiffs medical concerns.

Defendant 29, DR. Negus, of UCSD who contracts with SDCJ on 10-10-12 misdiagnosed and was prejudiced against plaintiff. And based this misdiagnoses and prejudice upon what defendant 25 stated, DR. Negus did not consult with the plaintiff, his patient, and when he heard the untrue statments by the deputy refused to examine plaintiff. This defendant was deliberately indifferent towards plaintiffs medical care/needs and in fact denied plaintiff his civil right to medical care.

Defendant 30, DESIREE DAVIS owns and operates New Beginnings and accepts individuals on parole and probation into her sober living homes who are contracted to her through telecare in association with state parole and county probation AB 169 county program. Since MS/MRS DAVIS contracts with telecare qualifies to be recognized to be acting under color

51, 112 ¶7

OF LAW. PLAINTIFF resided IN ONE OF MS/MRS DAVIS's SobeR Living homes AS AB109 oN County probation. WHEN PLAINTIFF Moved into the home THE FIRST day HE HAD discussed with DAVIS IN FRONT OF A TELECARE TEPRESENTATIVE THAT he has 4 BoxES OF LEGAL documents AT AN OXNARD AddRESS AND would HE be Able To HAVE THOSE BOXES IN THE Home WHEN He SENT FOR THEM. DAVIS STATED yES THAT WOULD NOT BE A problem. A SituatioN CAME ABout WHERE PLAINTIFF WAS going To be ABSENT FROM THE TESIDENCE FOR Approx. 3 MONTHS And put DAVIS oN NOTICE of This And THAT plaintiff would be returning As A TESIDENT And to KEEP his boxes OF LEGAL documents. A MENTAL HEALTH ClINICIAN And a telecare employee ALSo NoTified DAVIS OF This And to KEEP THE boxes OF documents. when plaintiff returned to the residence he discovered DAVIS had threw all boxes AWAY And SHredded all the legal documents. AS THE oWNER OF NEW beginNings And Manager OF THAT home SHE was legally Bound to reassure protectioN of PLAINTIFFS property And she did Not do So. This defendant was deliberately indifferent towards plaintiff IN THAT plaintiff had a cIVIL RIGHT to the protection of his property AND

5,13 of 7

DESIREE DAVIS violated this right She was bound to protect under color of law.

On 12-13-13 plaintiff was diagnosed as being unresponsive. A Dr. DAVID Jin Lee indicated plaintiff Lost his incontinence, would not respond to smelling SALTS 2x, Neorology was ABNORMAL, was not blinking, Not responsive to sound, COLD CALORIES Negative, would not respond to painfull stimuli - pinching, Sternal rib or infraorbital pressure. A FOLEY Cutheder was inserted And plaintiff did not respond at all to that As well. DEFENDANT'S 31, DR. ISHIMINE, BU, RAFINAS, And KAHN WERE ALL MADE AWARE OF DR J.n Lee's Findings Above, YET THESE defendants knowingly And intentionally discharged An unconscience unresponsive patient from the hospital without knowing why he was unconscience/unresponsive. This is a clear violation of Medical Malpractice, A denial of MEDICAL CARE And plaintiffs civil Rights. THESE defendants were deliberately indifferent towards plaintiffs MEDICAL CARE/NEEDS.

5. 14 of 7

DEFENDANT 32, SHERIFF deputy of 6·19·14 was working Night SHift on the 6th floor At CENTRAL detention on 6.19.14. plaintiff SEALED two pieces of LEGAL Mail in front of this deputy who SigNED THE BACK OF EACh ENVELOPE. This defendant would Not Allow plaintiff To PLACE THESE PIECES of MAIL INTO the Mail Box but held onto Them himself. THESE two pieces of MAIL NEVER MADE it to the destinations where THEY WERE AddRESSED TO. THIS defendant Knowingly And intentionAlly prevented Plaintiffs LEGAL MAIL From being MAILED OUT into THE outgoing US MAIL. This defendant was deliberately indifferent to plaintiffs civil RIGHT TO SEND AND/OR RECEIVE MAIL, LEGAL MAIL.

DEFENDANT 33, ALMA POIRIER, A SGT AT CENTRAL detention AddRESSED A grievance FILED by plaintiff regarding THE incident Above with defendAnt 32 And other incoming And outgoing MAIL problems. This defendant is in A position to have Corrected Those violations of plaintiffs civil Rights but did not do so! SHE Knowingly And intentionAlly disregarded evidence THAT plaintiffs MAIL WAS/is being TAMPERED with. Since this 6-19-14 incident plaintiff has written to THis defendant

5.15 of 7

regarding New instances of outgoing/
incoming mail Not being mailed And
incoming mail Not being given to plaintiff.
This defendant stated if plaintiff had any
More difficulties with mail to notify
her. plaintiff did yet This defendant
refused to respond to plaintiffs
inquiries. This defendant was deliberately
indifferent to plaintiffs Civil Rights
to send/receive U.S. mail.

Defendant 34 christa Vickery responded to
A grievance filed by plaintiff with
regard to obtaining Legal copies
of Legal Filings before Mailing them out
And with regard to obtaining Legal forms
for Access To the Courts. Multiple courts
Have ruled Habens corpus, §1983,
Summons/complaint etc the pro-per
Plaintiff Filing who is incarcerated
has A right to copies of said documents
before Mailing Them to the Courts.
In Fact some courts will refuse to File
said documents without the Appropriate
Amount of copies Made with initial Filing.
This defendant indicates it is Central
detentions policy not to make Any
Legal copies for Any reason unless one
is pro-per on their instant criminal
matter for why one is in detention. A
Jail policy cannot And does not
overide The opinions of This And other

§ 116 47

Federal jurisdictions on this matter. Many times plaintiff Asked for certain legal forms out of The Judicial Counsel Forms Books in order to gain access to the court on A civil matter. SDCJ stated They do not And will not provide The forms. This defendant Had The Authoreity to protect plaintiffs civil Rights of Access to the courts by way of copies And forms yet she Knowingly And willfully disregarded This right with deliberate indifference.

Defendant 35, Dr. Adock of UCSD, who contracts with SDCJ based His denial of Medical CARE towards plaintiff on an unsubstantiated untrue claim made by The psychiatric department at UCSD. The Psychiatric dept., evidently Told Dr. Adock That plaintiff pops his shoulder out when he wants to get care. And has an overuse of Medical resources when A probation hearing is coming up. First, Plaintiff has Never had a probation hearing Scheduled or coming up And even if he did There is no way a psychiatrist at UCSD west wing would or could know That. Secondly its impossible for This psychiatric dept., to know if plaintiff pops his own

5.17 Mg

shoulder out when he wants to get care since they have never actually witnessed him doing that, nor has anyone witnessed such a thing of plaintiff. In addition, X-rays have showed actual Anterior dislocations. Therefore for Dr. Adock to base his level of Treatment/care on this unsubstantiated claim without an actual examination And/or discussions with plaintiff his patient is in Fact a denial of medical care And this defendant was deliberately indifferent to plaintiffs Medical needs/care on 7-30-13.

Defendant's 36, Jennifer Hall, Allison Hadley And Dr. Coimbra Made unsubstantiated claims against plaintiff prejudicing him. These defendant's claim Manipulative behavior, And what is stated above regarding defendant 35, Dr Adock, this is on 7-30-13. Hadley Made the same kind of claim on 5-2-13 yet on 11-19-12 Dr. Hadley stated clearly That plaintiff is consistent in his ligitimate story deserving of assistance. Again There is no way for these defendants to know of any probation hearing or the seeking of Medical Care when any such hearing is coming up.

5, 18 of 7

Plaintiff Had no such hearing scheduled then or previously, No one has ever witnessed plaintiff popping his own shoulder out And No one ever will, simply because plaintiff cannot do so; therefore These defendants falsified Medical documents, were prejudiced Against Plaintiff denied needed Psychiatric care And were deliberately indifferent towards Plaintiffs Medical Care In Violation of His civil Rights.

5.19 77

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a)  Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b)  Name of the court and docket number: _____

_____

(c)  Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

_____

(d)  Issues raised:

_____

_____

_____

_____

(e)  Approximate date case was filed: _____

(f)  Approximate date of disposition: _____

2.  Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.   If your answer is "No", briefly explain why administrative relief was not sought.

Yes, by way of grievances,

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): *From Falsifying documents, Intentionally Lying to thwart Medical Care, basing Treatment on what non-Medical personell say, denial of access to courts, denial of First Amendment right to u.s. mail,*

2. Damages in the sum of $ *25,000*

3. Punitive damages in the sum of $ *75,000*

4. Other:

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

**G.   Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

*12-2-14*
_____
Date

_____
Signature of Plaintiff

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SAN DIEGO COUNTY SHERIFF MEDICAL DIRECTOR ET AL,

## DEFENDANTS
SHAWN ALBIN

(b) County of Residence of First Listed Plaintiff  SAN DIEGO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  SAN DIEGO
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☒ 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*  42 USC §1983

Brief description of cause:  DENIAL OF MEDICAL CARE

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 60,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  8·26·14

SIGNATURE OF ATTORNEY OF RECORD  S. Albin

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

SHAWN ALBIN
13768702
1173 Front St
San Diego, CA
92101

Hasler
12/05/2014
US POSTAGE

FIRST-CLASS MAIL
$02.03


ZIP 92123
011D12602197

" LEGAL MIAL "

U.S. DISTRICT COURT
Southern District

940 Front ST

San Diego, CA
92101

LEGAL MAIL

RECEIVED
DEC 0 8 2014
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA